■ ROY LIPPMAN, Appellant, v DIME SAVINGS BANK OF NEW YORK, FSB, et al., Respondents. [691 NYS2d 437] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered March 13, 1998, which denied plaintiff's motion for summary judgment on his complaint and granted the cross motion of defendants 340 East 93rd Street Corp. (340) and Allan Rich for summary judgment dismissing plaintiff's second and third causes of action, unanimously modified, on the law, to the extent of dismissing plaintiff's first cause of action as moot, and otherwise affirmed, without costs. Judgment, same court and Justice, entered May 6, 1998, dismissing the complaint as

against defendants 340 and Rich, unanimously affirmed, without costs.

Although plaintiff's first cause of action for declaratory and injunctive relief, appropriately characterized by the motion court as one to avert foreclosure upon shares allocated to two units in defendant 340's cooperative apartment building, was properly found to be moot by the motion court by reason of the circumstance that the foreclosures plaintiff sought to avert had already occurred, the finding of mootness dictated the dismissal of the cause, not the mere denial of plaintiff's motion for summary judgment thereon.

In all other respects we agree with the motion court's dispositions. Plaintiff's second cause of action against the cooperative corporation and its president, Allan Rich, seeking damages for their refusal to permit plaintiff to sublet one of the apartments to which he held a proprietary lease, was properly dismissed, since the subject proprietary lease expressly provided that there was no limitation upon the right of the cooperative to withhold its consent to a sublease (*see, Dress Shirt Sales v Hotel Martinique Assocs.*, 12 NY2d 339, 341). Given plaintiff's failure to prevail in any other respect against the cooperative defendants, his remaining cause against those defendants—the third cause of action—seeking an award of attorneys' fees, was also properly dismissed.

Finally, plaintiff was not entitled to summary judgment upon his fourth, and last, cause of action, in which he alleges that defendant Dime Savings Bank in 1991 declared certain loans secured by the shares allocated to plaintiff's apartments in default in violation of a then pending bankruptcy stay. Plaintiff is collaterally estopped from advancing this issue since it was previously raised by plaintiff and determined against him by Hon. Judge James L. Garrity in the course of plaintiff's 1996 bankruptcy proceeding. Concur—Sullivan, J. P., Nardelli, Lerner, Rubin and Saxe, JJ.